*Marian F. Harrison*
Marian F. Harrison
US Bankruptcy Judge

Dated: 2/13/2015



IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

IN RE:                              )
                                    )       Case No. 13-05484
**KYUNG-HEE PARK,**                 )       Chapter 11
                                    )       Judge Marian F. Harrison
         Debtor.                    )

### ORDER OF CONFIRMATION OF CHAPTER 11 PLAN OF REORGANIZATION

This cause came to be heard on the 18th day of November, 2014, upon the Confirmation hearing in the above-captioned Chapter 11 proceeding. The Court, having heard statement of counsel and the testimony of the Debtor being proffered, hereby finds as follows:

1. That the plan filed on July 9, 2014, complied with the applicable provisions of the Code;

2. That the proponent of the plan complies with the applicable provisions of the Code;

3. That the plan has been proposed in good faith and not by any reason forbidden by law;

4. (a) That any payment made or promised by the proponent, by the Debtor or by any person issuing securities or requiring property under the plan, for services or for costs and expenses, in or in connection with the case, or connection with the plan or incident to the case, have been disclosed to the Court; and

    (b) Any such payment before confirmation of its reasonable; or if such payment is to be fixed after confirmation of the plan, such payment is subject to the approval of the Court is reasonable;

5. (a) The proponent of the plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as director, officer, or voting trustee of the Debtor, an affiliate of the Debtor participating in a joint plan with the Debtor, or a successor to the Debtor under the plan; and the appointment to, or continuance in, such office of such individual,

is consistent with the interests of creditors and equity security holders and with public policy;

  (b) The proponent of the plan has disclosed identity of any insider that will be employed or retained by the reorganized Debtor, and the nature of any compensation for such insider;

 6. Any regulatory commission with jurisdiction, after confirmation of the plan, over the rates of the Debtors has approved any rate change provided for in the plan, or such rate changes expressly conditioned on such approval;

 7. With respect to each class:

  (a) Each holder of a claim or interest of such class has accepted the plan; or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than an amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7; or

  (b) if Section 1111(b)(2) of the Code applies to the claims of such classes, each holder of a claim of such class will receive or retain under the plan on account of such claim property of a value, as of the effective date of the plan, that is not less than the value of such creditor's interest in the estate's interest in the property that secures such claim;

 8. With respect to each class, such class accepted plan, or such is not impaired under the plan;

 9. Except to the extent that a holder of a particular claim has agreed to a different treatment of such claim, the plan provides that:

  (a) With respect to a claim of the kind specified in Section 507(a)(1) or Section 507(a)(2) of the Code, on the effective date of the plan, the holder of such claim will receive on account of such cash equal to the allowed amount of such claim;

  (b) With respect to a class of claims with kinds specified in Sections 507(a)(3), 507(a)(4), or 507(a)(5) of the Code, each holder of a claim of such class will receive, if such class has accepted the plan, deferred cash payments with a value, as of the effective date of the plan, equal to the allowed amount of such claim; or, if such class has not accepted the plan, cash on the effective date of the plan equal to the allowed amount of such claim; and

  (c) With respect to a claim of a kind specified in Section 507(a)(6) of the Code, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding six (6) years after the date of assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim;

 10. At least one class of claims has accepted the plan, determined without including any acceptance of the plan by an insider holding a claim of such class;

11. Confirmation of the plan is not likely to be followed by liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

12. That the Plan treatment of Bank of America is amended to reflect the Agreed Order Resolving the Objection to Confirmation which was entered on December 17, 2014 [Docket #96]. This treatment resolves the objection to confirmation filed Bank of America and represents an accept ballot for the plan.

13. That the Plan treatment of Seterus, Inc. is amended to reflect the Agreed Order Resolving the Objection to Confirmation which was filed on February 12, 2015 [Docket #103]. This treatment resolves the objection to confirmation filed Seterus, Inc. and represents an accept ballot for the plan.

14. All other provisions of the plan filed shall remain in effect.

It is, therefore, **ORDERED** that the plan filed by the Debtor-In-Possession on July, 2014, is hereby **CONFIRMED**.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

APPROVED FOR ENTRY:

/s/ Steven L. Lefkovitz, No. 5953
Steven L. Lefkovitz
Attorney for Debtors
618 Church Street, Suite 410
Nashville, Tennessee 37219
Phone: (615) 256-8300
Fax: (615) 255-4516
Email: slefkovitz@lefkovitz.com

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:13-bk-05484    Doc 107    Filed 02/18/15    Entered 02/18/15 08:23:25    Desc Main
Document    Page 3 of 3